E-FILED
Thursday, 16 May, 2019 03:59:14 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | | |
|---|---|---|
| MEEKA ARESABA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 18-2274 |
| | ) | |
| VICTOR CALLOWAY, *et al.* | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Plaintiff, proceeding pro se and presently incarcerated at Lawrence Correctional Center, brought the present lawsuit pursuant to 42 U.S.C. § 1983 alleging deliberate indifference to a serious medical need. The matter comes before this Court for ruling on several outstanding motions.

### Plaintiff's Motion to Amend Complaint (Doc. 20)

The Court's Merit Review Opinion found that Plaintiff stated a claim against John Doe defendants for the alleged delay in providing emergency medical treatment after Plaintiff allegedly suffered a massive stroke. (Doc. 15). The Court dismissed Defendants Baldwin, Calloway, and White because Plaintiff failed to allege any facts that permitted a plausible inference that these defendants personally participated in the alleged constitutional violations. *Id.* at 2. Plaintiff now moves to amend his complaint to include claims against these defendants.

Rule 15 of the Federal Rules of Civil Procedure provides that a district court should "freely give leave [to amend a pleading] when justice so requires." Fed. R. Civ. P. 15(a)(2). Nonetheless, "district courts have broad discretion to deny leave to amend where there is undue delay, bad faith, dilatory motive, repeated failures to cure deficiencies, undue prejudice to

defendants, or where the amendment would be futile." *Mulvania v. Sheriff of Rock Island Cnty.*, 850 F.3d 849, 855 (7th Cir. 2017) (citing *Arreola v. Godinez*, 546 F.3d 788, 796 (7th Cir. 2008)).

Plaintiff's proposed amended complaint alleges that medical staff delayed his transport to an outside hospital for six-to-eight hours after he suffered a stroke. Plaintiff alleges that Defendant White, the doctor at Danville, never examined him during this time and that an unidentified correctional officer told Plaintiff he would contact Defendant Calloway, the warden, because Plaintiff was "dying." Liberally construed, Plaintiff's transport to an outside hospital permits a plausible inference that Defendants White, Calloway, and the Doe Defendants were aware of Plaintiff's condition and that they each played some role in the (1) medical decision regarding the need for treatment at an outside hospital; and (2) the logistics surrounding the actual transport. At this stage of the proceedings, the Court finds that Plaintiff states a claim for deliberate indifference to a serious medical need against Defendants White, Calloway, and the Doe Defendants for the alleged delay in providing emergency medical treatment. Plaintiff's Motion to Amend Complaint is granted.

### Plaintiff's Motions to Request Counsel (Docs. 21, 22)

Plaintiff has no constitutional or statutory right to counsel in this case. In considering the Plaintiff's motion, the court asks: (1) has the indigent Plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself? *Pruitt v. Mote*, 503 F.3d 647, 654-55 (7th Cir. 2007). Plaintiff satisfied the first prong by submitting copies of letters he received from attorneys in response to his requests for representation. *See* (Docs. 24, 25).

Plaintiff, however, has personal knowledge of the facts, he has been able to adequately convey them to the Court, and he should be able to obtain relevant medical records via the discovery process. At this stage, this case does not appear to require expert testimony and the facts do not appear overly complex. Accordingly, the Court finds that Plaintiff is capable of representing himself at this time. Plaintiff's motions are denied with leave to renew.

## Other Motions (Docs. 23, 26)

Plaintiff requests a courtesy copy of his amended complaint. (Doc. 23). As directed below, the Clerk will docket Plaintiff's amended complaint in a separate docket entry and Plaintiff should receive a copy of the document he seeks via the electronic filing system. Plaintiff's motion is therefore denied. If Plaintiff desires any document in the future, he must pay the copying fee of 10 cents per page ($0.10/page) up front.

Defendant Calloway's Motion to File Instanter (Doc. 26) is granted. Defendant's answer will be docketed as directed below.

**IT IS THEREFORE ORDERED:**

1) **Plaintiff's Motion to Amend Complaint [20] is GRANTED. Clerk is directed to docket the amended complaint attached to Plaintiff's motion. Clerk is further directed to attempt service on Defendant White via the standard procedures.**

2) **Plaintiff's Motions to Request Counsel [21][22] are DENIED with leave to renew.**

3) **Plaintiff's Motion for File Stamped Copy of Amended Complaint [23] is DENIED.**

4) **Defendant Calloway's Motion to File Instanter [26] is GRANTED. Clerk is directed to docket the answer attached to Defendant's motion.**

Entered this 16th day of May, 2019.

*s/Colin S. Bruce*
COLIN S. BRUCE
UNITED STATES DISTRICT JUDGE